# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| ANNA M. COWLES | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:12cv129 |
| v. | ) |
| | ) |
| CAROLYN W. COLVIN, | ) By: Michael F. Urbanski |
| Acting Commissioner of Social Security, | ) United States District Judge |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

This matter was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for the proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on February 17, 2014, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted and the Commissioner's final decision be affirmed. Plaintiff, proceeding *pro se*, has filed objections to the report and recommendation.

The court has reviewed the magistrate judge's report, the objections to the report, and the pertinent portions of the administrative record, and, in so doing, made a de novo determination of those portions of the report to which the plaintiff objected. The court finds that the magistrate judge was correct in concluding that there is substantial evidence in the record to support the administrative law judge's ("ALJ") determination that plaintiff was capable of light work with limitations and that she is not disabled.

Plaintiff first objects that the ALJ "failed to use the grid rules" and argues that she should have been found disabled under Medical-Vocational Guideline Rule 201.14. However, Rule

201.14 is not applicable to plaintiff because 201.14 applies to individuals limited to sedentary work, and the ALJ properly found that plaintiff was capable of light work, with limitations. In her decision, the ALJ specifically considered the Medical-Vocational Guidelines in determining that plaintiff was not disabled.

Plaintiff's second objection states that the court relied on findings from certain doctors that she had "never seen, been examined by or spoken with," specifically Dr. Amos, Dr. Phillips and Dr. Brode. Dr. William Amos and Dr. Thomas M. Phillips are state agency physicians, and Dr. Tawnya Brode is a state agency psychologist. See Administrative Record at 124-136 (Dr. Amos), 152-187 (Dr. Thomas), 615-618 (Dr. Brode). This objection also lacks merit, as the "testimony of a non-examining physician can be relied upon when it is consistent with the record." Smith v. Schweiker, 795 F.2d 343, 346 (4th Cir. 1986), citing Kyle v. Cohen, 449 F.2d 489, 492 (4th Cir. 1971). As detailed in the report and recommendation, that is plainly the case here.

Finally, plaintiff makes a generalized objection regarding the amount of weight given to certain doctors, specifically Dr. Benjamin Rezba, Dr. Harry Hood, and nurse practitioner Michele Moore. The ALJ's decision thoroughly discusses the amount of weight she gives to plaintiff's treating doctors, as well as the state agency doctors. Further, the magistrate judge conducted a detailed review of the record in this case and correctly concluded that the Commissioner's decision is supported by substantial evidence. As such, the court overrules the objections to the report and recommendation. Accordingly, the court accepts the magistrate judge's recommendation that the Commissioner's decision should be affirmed.

It is therefore **ORDERED** and **ADJUDGED** that plaintiff's motion for summary judgment (Dkt. No. 14) is **DENIED**, that the Commissioner's motion for summary judgment

(Dkt. No. 16) is **GRANTED**, plaintiff's objections to the report and recommendation (Dkt. No. 20), are **OVERRULED**, the Commissioner's decision is **AFFIRMED**, and that this matter is **STRICKEN** from the active docket of the court.

The Clerk is directed to send a certified copy of this Order to all counsel of record and to the *pro se* plaintiff.

Entered: March 24, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge